**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SAMANTHA SUAREZ,

               Plaintiff,

      v.

ENVIRONMENTAL LAW & POLICY
CENTER,

               Defendant.

Case No. 1:25-cv-12860

**DEFENDANT, ENVIRONMENTAL LAW & POLICY CENTER'S
MOTION TO DISMISS**

NOW COMES Defendant, ENVIRONMENTAL LAW & POLICY CENTER ("ELPC") by and through its attorneys, Jamie L. Filipovic and Kevin S. Borozan of O'Hagan Meyer, LLC, hereby moves to dismiss Plaintiff's Complaint because Plaintiff fails to state a claim upon which relief can be granted. In support of its motion, Defendant states as follows:

**INTRODUCTION**

Plaintiff Samantha Suarez, a former employee of ELPC, asserts facially defective claims that warrant dismissal. In her Complaint, Plaintiff alleges disability discrimination and retaliation under the ADA against ELPC. However, Plaintiff cannot possibly pursue any *disability* discrimination claims because she does not plausibly allege a "disability" in the first place. The Complaint asserts that Plaintiff has an unspecified disability, requested remote work and flexible scheduling accommodations in summer 2023, and was terminated in February 2025 allegedly in retaliation for these requests. Notably, the Complaint fails to identify the nature of Plaintiff's purported disability or how it substantially limits a major life activity, merely stating in conclusory fashion that Plaintiff has a disability as defined under the Americans with Disability Act. The

1

Complaint similarly lacks factual allegations demonstrating how the requested accommodations were necessary or reasonable in relation to her unidentified disability, or how Defendant's alleged failure to engage in the interactive process resulted in a failure to identify an appropriate accommodation.

Moreover, Plaintiff's retaliation claim in the Complaint relies primarily on temporal proximity between her accommodation requests and termination without sufficient factual allegations establishing but-for causation as required under Seventh Circuit precedent. To the extent that Plaintiff is attempting to allege that ELPC retaliated against her by purportedly not succumbing to her unsubstantiated demands for an accommodation, there are absolutely no facts in her Complaint rendering that contention plausible.

In sum, Plaintiff fails to set forth allegations which contain sufficient factual matter to survive scrutiny under Federal Rule of Civil Procedure 8(a)(2). Plaintiff has pled herself out of court by alleging facts that show that she has no legal claim. Counts I and II of Plaintiff's Complaint should be dismissed with prejudice.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief").

#10687930v2

A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). While the plausibility requirement is not necessarily a "probability requirement," it requires more than a possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

## ARGUMENT

**I.** **Count I Should Be Dismissed Because Plaintiff Fails to Plausibly Allege That She is Disabled Under the ADA.**

Plaintiff's Complaint fails to adequately show that Plaintiff is a qualified individual with a disability under the ADA. In Count I of her Complaint, Plaintiff asserts that ELPC discriminated against her on account of her alleged disability and failed to accommodate her alleged disability in violation of the ADA. (Dkt. 1 at ¶¶ 35-43). The claims alleged in Count I require Plaintiff to plausibly allege that she is "disabled" as defined in the ADA. *Jackson v. City of Chicago*, 414 F.3d

3

806, 810 (7th Cir. 2005) (discrimination); *Johnson v. Lew*, No. 14-CV-2233, 2015 WL 13949296, at *3 (N.D. Ill. Dec. 4, 2015) (failure to accommodate); *Sintos v. City of Chi.*, 2025 U.S. Dist. LEXIS 124899, at *13 (N.D. Ill. July 1, 2025). The ADA defines a disability as (1) a "physical or mental impairment that substantially limits one or more major life activities," (2) a record of a disability, or (3) being regarded as having an impairment. 42 U.S.C. § 12102(1). "Merely having a physical injury or a medical condition is not enough" to qualify as disabled under the ADA. *Powers v. USF Holland, Inc.*, 667 F.3d 815, 819 (7th Cir. 2011). *See, e.g.*, *Gallardo v. Chi. Transit Auth.*, No. 15 CV 7458, 2016 U.S. Dist. LEXIS 74198, at *2 (N.D. Ill. June 7, 2016) (dismissing ADA claim for "fail[ure] to sufficiently allege that [the plaintiff] is a qualified individual with a disability"); *Pack v. Ill. Dep't of Healthcare & Family Servs.*, No. 13-CV-8930, 2015 U.S. Dist. LEXIS 13689, at *3–4 (N.D. Ill. Feb. 5, 2015) (dismissing failure to accommodate claim for this same reason).

Here, the Complaint is devoid of any details regarding the extent of Plaintiff's alleged condition that would plausibly demonstrate a substantial limitation of a major life activity, and therefore warrants dismissal for failure to state a claim. *See Davis v. Powerstop, LLC*, 2024 U.S. Dist. LEXIS 215079, at *7-8 (N.D. Ill. Nov. 26, 2024) (explaining that a plaintiff must offer examples to show how her impairment affects a major life activity); *Cooper v. Dart*, 2023 U.S. Dist. LEXIS 23789, at *12 (N.D. Ill. Feb. 13, 2023) (dismissing the plaintiff's disability discrimination claim because he provided no details about how his maladies impaired his ability to live and work). Plaintiff's allegations that she "has a disability as defined under the [ADA]" and that she "has been diagnosed with a disability protected by the ADA" (Dkt. 1 at ¶¶ 9, 37), are the sort of "formulaic recitation[s] of the elements" that fail to state a plausible claim for relief. *Twombly*, 550 U.S. at 555. Further, Plaintiff's bare allegations that she experienced "decline in

mental health, including suicidal ideation" or "burnout and nausea" and (Dkt. 1, ¶¶ 27, 28), do not demonstrate that those conditions are disabilities under the ADA, as "[n]ot every medical affliction amounts to, or gives rise to, a substantial limitation on a major life activity." *Cassimy v. Bd. of Educ. of Rockford Public Schs., Dist. No. 205*, 461 F.3d 932, 936 (7th Cir. 2006).

Indeed, Plaintiff's Complaint fails to show that her alleged impairment made her unable to perform, or significantly restricted her as to the condition, manner, or duration under which she could perform, a major life activity as compared to an average person in the general population. *See Furnish v. SVI Sys., Inc.*, 270 F.3d 445, 450 (7th Cir .2001). Plaintiff's allegations throughout the Complaint are nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, U.S. at 678 (internal quotations omitted). Accordingly, Count I should be dismissed.

## II. Count II Should Be Dismissed Because Plaintiff Failed to Plausibly Allege That Her Protected Activity was the "But-For" Cause of Any Adverse Action.

Plaintiff's ADA retaliation claim is also fatally deficient. Plaintiff alleges in the Complaint that ELPC retaliated against her after she "reported her disability and requested accommodation." (Dkt. 1 at ¶ 46). To state a claim for retaliation under the ADA, Plaintiff must plausibly allege that: "(1) she engaged in protected activity; (2) her employer took an adverse action against her; and (3) there was a "but for" causal connection between the two." *Wier v. United Airlines, Inc.*, 2024 U.S. Dist. LEXIS 56229, at *33 (N.D. Ill. Mar. 28, 2024). While adverse employment actions extend beyond readily quantifiable losses, not everything that makes an employee unhappy is an actionable adverse action. *Nichols v. S. Ill. Univ.-Edwardsville*, 510 F.3d 772, 780 (7th Cir. 2007). "Otherwise, minor and even trivial employment actions that an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit." *Id*.

5

A.     **Plaintiff's Conclusory Allegations Fail to Demonstrate Causation**

To show causation, Plaintiff "must show that her protected activity was a 'substantial or motivating factor' behind the adverse employment action." *Taylor-Novotny v. Health Alliance Med. Plans, Inc.*, 772 F.3d 478, 495 (7th Cir. 2014). Where Plaintiff fails to allege any facts to support a causal connection between the protected activity and the adverse action, Plaintiff fails to state a valid claim for retaliation under the ADA. *Id*.

Plaintiff's Complaint is woefully deficient in relation to the causation element. Plaintiff claims that she was subjected to escalated disparate treatment, harassment, and ultimately terminated" because she requested accommodation. (Dkt. 1 at ¶ 34). However, Plaintiff fails to plead facts that provide a causal link between (1) her termination; or (2) the imposition of different terms and conditions of work compared to her coworkers, unfair discipline or harassment. For example, the Complaint does not specify any actions by ELPC constituting "escalated disparate treatment" or "harassment" in response to the alleged protected activity. Further, the Complaint does not allege any direct evidence of retaliatory motive, such as statements or conduct by the defendant indicating that the protected activity was the reason for the adverse action. The Complaint is also devoid of factual support showing the decision-makers responsible for the adverse actions were aware of her alleged protected activity, which is necessary to establish a causal connection.

Furthermore, the Complaint lacks specific facts showing a causal link between the Plaintiff's requests for accommodation and her termination, beyond conclusory statements that the termination was motivated by retaliation. Plaintiff's ADA retaliation claim is predicated on conclusory language, such as "Defendant's decision to discriminate against Plaintiff was motivated by an intent to retaliate against her because of her protected class and conduct," and

6

"Defendant would not have discriminated against Plaintiff had he [*Sic*] not previously engaged in protected activity and everything else being the same." (Dkt. 1 at ¶ 48, 49). However, these statements are not supported by specific factual allegations showing *how* ELPC's actions were motivated by retaliatory intent, as opposed to other possible reasons. In fact, Plaintiff alleges facts that cut *against* an inference of retaliation, as she admits ELPC provided at least one reasonable, non-discriminatory reason for her termination – that she was not a good fit. (*Id*. at ¶ 31). Plaintiff's reliance on conclusory statements and failure to allege specific facts connecting the protected activity to the adverse action are insufficient to state an ADA retaliation claim. *LeFfler v. Ann & Robert H. Lurie Children's Hosp. of Chi.*, 2023 U.S. Dist. LEXIS 37140, at *22-23 (N.D. Ill. Mar. 6, 2023).

**B.     Substantial Passage of Time Removes Any Plausible Inference of Retaliation**

Plaintiff's naked supposition that her request for accommodation, which she initiated in the summer of 2023, somehow caused ELPC to terminate her *in February 2025* fails to support a plausible retaliation claim. (Dkt. 1, ¶¶ 15, 25, 31). A "retaliation claim can… be so bare-bones that a lengthy time period between the protected activity and the alleged retaliation will make any causal connection between the two implausible." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014). For example, "[i]f the best a plaintiff can do is allege that he engaged in protected activity and then, years later, the employer took an adverse action against him, the claim may not be permitted to proceed." *Id.* While "there is no bright-line rule about the temporal proximity that makes a claim plausible… 'even intervals shorter than four months are unlikely, standing alone, to establish the causation element of a retaliation claim.'" *LeFfler*, 2023 U.S. Dist. LEXIS 37140, at *23; *see O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 635 (7th Cir.2011) (finding that a two-month gap between plaintiff's complaint and termination was "not strongly suggestive of

7

retaliation"); *McGuire v. City of Springfield*, Ill., 280 F.3d 794, 796 (7th Cir.2002) (noting that a long gap in time "undercuts an inference of causation"); *Oest v. Illinois Dept. of Corr.*, 240 F.3d 605, 616 (7th Cir. 2001) (finding that eight months between the protected activity and the disciplinary event was too attenuated to support a claim for retaliation). Thus, a gap of nearly two years—without any other facts suggesting a connection between the alleged protected activity and the alleged adverse action—renders a retaliation claim implausible. *Id.* In fact, "extended time gaps alone militate *against* allowing an inference of causation based on suspicious timing." *Kidwell v. Eisenhauer*, 679 F.3d 957, 967 (7th Cir. 2012). Accordingly, Count II should be dismissed with prejudice.

## CONCLUSION

Plaintiff has failed to adequately allege facts to support her claims under the ADA. Accordingly, for the reasons set forth above, Defendant Environmental Law & Policy Center respectfully requests that this Honorable Court enter an order (1) granting Defendant's Motion to Dismiss, (2) dismissing Count I and Count II of Plaintiff's Complaint, with prejudice and (3) for such other relief as the Court deems just.

Dated: January 9, 2026

Respectfully submitted,

O'HAGAN MEYER, LLC

By: */s/ Jamie L. Filipovic*
*One of the Attorneys for Defendant*

Jamie L. Filipovic (ARDC: 6278943)
Kevin S. Borozan (ARDC: 6320336)
O'Hagan Meyer LLC
One E. Wacker Drive, Suite 3400
Chicago, IL 60601
P: (312) 422-6100
F: (312)422-6110
jfilipovic@ohaganmeyer.com
kborozan@ohaganmeyer.com

8

#10687930v2