**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SAMANTHA SUAREZ,

    Plaintiff.

v.                                                    Case No. 25-cv-12860

ENVIRONMENTAL LAW & POLICY                            Hon. Judge Thomas M. Durkin
CENTER,

    Defendant.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff, Samantha Suarez, by and through her counsel, Jeffrey Law Office, LLC,

respectfully submits her Response in Opposition to Defendant's Motion to Dismiss her Complaint.

In support thereof, Plaintiff states as follows:

**BRIEF INTRODUCTION**

Plaintiff alleges that Defendant Environmental Law & Policy Center terminated her

employment after refusing to meaningfully accommodate her disability and after she repeatedly

engaged in protected activity under the ADA. Plaintiff was hired in November 2022 as a Digital

Communications Strategist, consistently performed her job satisfactorily, and successfully

completed major digital campaigns. After receiving a formal diagnosis in summer 2023, Plaintiff

requested reasonable accommodations—remote work and flexible scheduling—well suited to her

digital, output-based role. Defendant was aware of Plaintiff's disability but declined to formalize

or reliably implement accommodations, failed to engage in a good-faith interactive process, and

subjected Plaintiff to escalating hostility and disparate treatment.

1

In late 2024, Plaintiff renewed her accommodation requests and sought HR intervention to resolve conflicts related to her disability and accommodations. Rather than addressing those concerns, Defendant dismissed Plaintiff's requests, declined to document accommodations, and took no corrective action. On February 5, 2025—shortly after Plaintiff completed a successful digital campaign—Defendant terminated her employment, offering only that she was "not a good fit." Plaintiff alleges that this explanation was pretextual and that her termination was the culmination of Defendant's failure to accommodate her disability and retaliation for her protected activity.

Defendant's Motion to Dismiss improperly asks the Court to require medical detail, weigh competing inferences, and resolve factual disputes. Plaintiff has plausibly alleged disability discrimination, failure to accommodate, and retaliation under the ADA. The Motion should be denied.

## LEGAL STANDARD

For purposes of a motion to dismiss, all well-pleaded factual allegations in the complaint must be accepted as true and viewed in the light most favorable to the plaintiff, and all reasonable inferences from those allegations must be drawn in favor of the plaintiff. *Armstrong v. Daily*, 786 F.3d 529, 533 (7th Cir. 2015); *see also Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 382 (7th Cir. 2016) ("In construing the complaint, we accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor.").

A complaint must contain sufficient factual matter to state a claim that is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

2

(*citing Twombly*, 550 U.S. at 556). Thus, plaintiff must allege enough details to "present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

ARGUMENT

I.

**Plaintiff Plausibly Alleges That She Is Disabled Under the ADA.**

Defendant argues that Plaintiff failed to plead a qualifying disability because she did not identify a specific diagnosis or plead medical details. That argument misstates the pleading standard under the ADA as amended by the ADAAA, which requires courts to construe "disability" broadly and cautions that the issue should not demand extensive analysis. *See* 42 U.S.C. § 12102(4)(A); 29 C.F.R. § 1630.2(j)(1)(iii).

Plaintiff alleges that she was formally diagnosed in summer 2023, that she experienced significant mental-health impairment including suicidal ideation, burnout, and nausea, that these impairments affected her ability to work under rigid scheduling requirements, and that she requested accommodations to address those limitations. These allegations plausibly describe an impairment affecting major life activities such as working, concentrating, and thinking. At the pleading stage, Plaintiff is not required to identify her precise diagnosis or submit medical evidence. Whether her condition ultimately qualifies as a disability is a factual question for later stages of the case.

II.

**Plaintiff Plausibly Alleges Failure to Accommodate and
Breakdown of the Interactive Process.**

Plaintiff alleges that she requested reasonable accommodations, remote work and flexible scheduling, supported by her diagnosis and the nature of her job. She further alleges that Defendant refused to engage in a good-faith interactive process, declined to formalize accommodations,

3

ignored repeated follow-up requests, and instead required Plaintiff to conform to Defendant's existing structure. Plaintiff also alleges that Defendant granted permanent remote work to a non-disabled employee.

These allegations plausibly support a claim for failure to accommodate. Whether Defendant's conduct was reasonable, whether accommodations were effective, or whether they imposed an undue hardship are fact-intensive questions not suitable for resolution on a motion to dismiss.

### III.

### Plaintiff Plausibly Alleges ADA Retaliation.

Defendant argues that Plaintiff fails to plead causation because of the passage of time between her initial accommodation request and her termination. That argument ignores Plaintiff's allegations of continuing protected activity, including renewed accommodation requests and escalation to HR in late 2024, shortly before her termination in February 2025.

Plaintiff alleges escalating hostility, disparate treatment, heightened scrutiny, and termination immediately following a successful work campaign, coupled with a vague and unsupported explanation that she was "not a good fit." At the pleading stage, these allegations are sufficient to plausibly support but-for causation. Defendant's asserted legitimate reason presents a factual dispute that cannot be resolved on a Rule 12(b)(6) motion.

### IV.

### DISMISSAL WITH PREJUDICE IS UNWARRANTED. IN THE ALTERNATIVE, PLAINTIFF RESPECTFULLY SEEKS LEAVE OF COURT TO AMEND HER COMPLAINT.

As noted above, Plaintiff's Complaint is sufficient to withstand Defendant's motion to dismiss. Even if the Court were to find any deficiency in the pleadings, dismissal with prejudice

would be inappropriate. Plaintiff has not previously amended her complaint, and any perceived lack of detail could readily be cured. The Seventh Circuit strongly favors allowing amendment, particularly in civil-rights cases.

Thus, Plaintiff respectfully request leave of court to amend her complaint to include additional facts and acts by Defendant. Leave to amend a complaint should be allowed when justice so requires. Fed. R. Civ. P. 15(a)(2). In fact, the Seventh Circuit has required, in most cases, that a plaintiff whose complaint has been dismissed under Fed. R. Civ. P. 12(b)(6) be given at least one opportunity to amend the complaint. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). Therefore, in the alternative, Plaintiffs respectfully request leave of Court to amend her Complaint.

## V.

## CONCLUSION

WHEREFORE, Plaintiff, Samantha Suarez, respectfully requests that this Court deny Defendant's Motion to Dismiss Plaintiff's Complaint. In the alternative, however, should the court determine Plaintiff's Complaint is deficient, Plaintiff respectfully requests leave to amend the same.

Dated: February 9, 2026

s/ *Antonio L. Jeffrey*
Attorney for Plaintiff


JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (#6308345)
1301 W. 22nd Street, Suite 308
Oak Brook, Illinois 60523
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com

5