**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SAMANTHA SUAREZ,<br><br>   Plaintiff,<br><br>   v.<br><br>ENVIRONMENTAL LAW & POLICY CENTER,<br><br>   Defendant. | Case No. 1:25-cv-12860 |

**DEFENDANT, ENVIRONMENTAL LAW & POLICY CENTER'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

NOW COMES Defendant, ENVIRONMENTAL LAW & POLICY CENTER ("ELPC")

by and through its attorneys, O'Hagan Meyer, LLC, and for its Reply in Support of its Motion to

Dismiss, states as follows:

**INTRODUCTION**

Plaintiff Samantha Suarez's ("Plaintiff") Complaint asserts facially defective claims that

warrant dismissal under FRCP 12(b)(6). Plaintiff's Response to ELPC's Motion to Dismiss does

little more than re-allege the same facts, unsupported by case law, and incorrectly asserts that the

Court requires her the opportunity to amend the pleadings. *See* Dkt. 15. Plaintiff has failed to

cure the defects in her pleadings, has failed to properly plead failure to accommodate, and has

failed to plead retaliation in violation of the Americans with Disabilities Act ("ADA"). Plaintiff

states only conclusory statements that are insufficient to survive scrutiny under Federal Rule of

Civil Procedure 8(a)(2). Plaintiff has pled herself out of court by alleging facts that show that she

has no legal claim and as such, the Complaint against ELPC should be dismissed in its entirety.

1

**ARGUMENT**

**I.**     **Plaintiff Has Failed to Plausibly Allege That She is Disabled Under the ADA And Has Therefore Failed To Properly Allege Failure To Accommodate.**

Plaintiff boldly states that Defendant misstates the pleading standard, stating that courts are required to "construe 'disability' broadly and cautions that the issue should not demand extensive analysis," and then cites to two statutes that say no such thing. Dkt. 15 at p. 3. To be sure, the ADA favors defining disability broadly, and the Code of Federal Regulations states that the determination of whether an alleged disability "substantially limits" a major life activity should not demand extensive analysis. 42 U.S.C. § 12102(4)(A); 29 C.F.R. § 1630.2(j)(iii). Notably, however, neither of these statutes address pleading standards at all. *See generally id.*

This Circuit, however, has been clear as to the requisite standards for pleading a violation of the ADA. A plaintiff pleading failure to accommodate under the ADA must allege: (i) that he is a qualified individual with a disability under the ADA; (ii) the employer was aware of his disability; and (iii) the employer failed to reasonably accommodate the disability. *Brumfield v. City of Chi.*, 735 F.3d 619, 631 (7th Cir. 2013). A disability for the purposes of the ADA is a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). Plaintiff has failed to properly plead a disability under the ADA, and her Response does nothing to cure this failure.

First, while Plaintiff need not present her whole case in the pleading stage nor present medical documentation or evidence within these pleadings, she still must plead facts that plausibly support each element of her claim. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). The Seventh Circuit has previously held that this requires a plaintiff who is alleging discrimination on the basis of disability under the ADA to allege

2

a specific disability. *Tate*, 809 F.3d at 345. Mere conclusory statements are not sufficient. *Brode v. Xeris Pharms., Inc.*, No. 22 CV 2903, 2023 U.S. Dist. LEXIS 54981 at *2-3 (N.D. Ill. Mar. 30, 2023) (citing *Kaminski v. Elite Staffing, Inc.*23 F.4th 774, 776-77 (7th Cir. 2022)). Here, Plaintiff has failed to identify any alleged disability and merely states "Plaintiff has a disability […]" Dkt. 1 at ¶ 9. This conclusory statement, without more, is clearly insufficient under the Seventh Circuit's well-established pleading standard. Further, Plaintiff fails to cite to any authority for her statement that she need not identify a precise diagnosis or submit medical evidence at the pleading stage. While Plaintiff is correct that she need not submit evidence now, the case law is clear that she must at least adequately plead a specific disability. *See* Dkt. 15 at p 3; *Jaros*, 684 F.3d at 672; *Tate*, 809 F.3d at 345.

Not only did Plaintiff fail to identify a medical condition, but she also failed to identify how any alleged condition substantially limited her major life activities as required under the ADA. 42 U.S.C. § 12102(1). Plaintiff has failed to plead any such limitation. *See* Dkt. 15. Instead, Plaintiff attempts to improperly amend her pleadings through her Response when she states that her mental health condition, burnout, and nausea affected her ability to work. Dkt. 15 at p. 3; *Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") Nowhere in Plaintiff's Complaint does she state that her alleged suicidal ideation, burnout, or nausea substantially limited her major life activities. *See* Dkt. 1. Even construing the Complaint generously and in Plaintiff's favor, there is nothing that could reasonably indicate that these alleged conditions limited Plaintiff's life activities, let alone to the level that gives rise to a disability under the ADA. Plaintiff's Complaint is little more than a series of conclusory statements that do not meet the requisite pleading standards in this Court and her Response fails to cure this fatal

3

deficiency. Plaintiff has failed at the first prong of analysis for failure to accommodate and this failure is fatal to the entire claim. ELPC cannot even address the failure to accommodate claim if Plaintiff has not first properly pled that she is a qualified individual with a disability that needs such an accommodation. As such, Count I should be dismissed.

**II.**     **Count II Should Be Dismissed Because Plaintiff Failed to Cure Her Pleading Deficiencies and Failed To Plausibly Allege That Her Protected Activity was the "But-For" Cause of Any Adverse Action.**

Plaintiff has once again pleaded herself out of court as to her retaliation claim and her Response does little more than repeat the same deficient allegations. To succeed on her claim for retaliation, Plaintiff must plausibly allege that her protected activity of requesting an accommodation was the but for cause of her termination. *Kotaska v. Fed. Express Corp.*, 966 F.3d 624, 633 (7th Cir. 2020). Claims of retaliation still require a plaintiff to describe the claim in sufficient detail to give the defendant fair notice of what the claims are against them. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964 (2007)). This is where Plaintiff's Complaint fails.

While Complainant need not present all facts at the pleading stage, she still must plead enough to put ELPC on notice of the alleged causation between her protected activity and her termination. Here, at most, Plaintiff states that she was "subjected to escalated disparate treatment [and] harassment […]." Dkt. 1 at ¶ 34. Plaintiff fails to identify *how* ELPC subjected her to disparate treatment[1] and harassment. She further alleges that she was subjected to a discriminatory statement, but even in a light best to the Plaintiff, the statement provided does not show any

---

[1] Plaintiff generally states that another employee was granted remote work privileges but fails to state that this employee was similarly situated, including whether they held the same position or same supervisors and/or decision-makers. This threadbare allegation is insufficient under Rule 8 and *Bell Atlantic Corp.*, 127 S. Ct. at 1964.

discriminatory animus at all. *Id.* at ¶ 22. While the Complaint is replete with conclusory statements, Plaintiff failed to give ELPC notice as to what behaviors and actions were disparate and harassing, which is ultimately fatal to her claims. *See id*; *Concentra*; 496 F.3d at 776.

Further, Plaintiff fails to plausibly allege that her protected activity was the but for cause of her termination. Instead, Plaintiff exclusively offers mere conclusory language, such as Defendant was "motivated by an intent to retaliate against her because of her protected class and conduct." Dkt. 1 at ¶ 48. Plaintiff herself even states that there was an alternative rationale – Plaintiff was not "a good fit." Dkt. 1 at ¶ 31. In her Response, Plaintiff merely restates the same conclusory statements and states that this is sufficient but fails to explain how or support this contention with case law. It remains clear that Plaintiff failed to give ELPC fair notice of the claims against it when Plaintiff relied exclusively on conclusory statements and failed to allege specific facts connecting the protected activity to the adverse action. Plaintiff's deficient pleadings and failure to cure these deficiencies in her Response are insufficient to state an ADA retaliation claim. *LeFfler v. Ann & Robert H. Lurie Children's Hosp. of Chi.*, 2023 U.S. Dist. LEXIS 37140, at *22-23 (N.D. Ill. Mar. 6, 2023).

Plaintiff further seems to argue that the temporal proximity between the protected activity and her termination gives rise to a claim of retaliation. Dkt. 15 at p. 4. However, taking the Complaint in whole, Plaintiff alleges that her request to work remotely was the but for cause of her termination. *See* Dkt. 1. Plaintiff's first request for this accommodation came in the summer of 2023. *Id.* at ¶ 15. If Defendant were retaliating for requesting this accommodation, the clock would logically start when Plaintiff first requested this accommodation – nearly two years before her termination. *Id.* However, even taking Plaintiff's allegation that renewed requests for the exact same accommodation restart the clock when assessing temporal proximity, Plaintiff's final

request still came three months before her termination and the Complaint lacks any other facts suggesting a connection between the alleged protected activity and the alleged adverse action. *See* Dk. 1. Courts in this Circuit have previously held that even a two-month gap between a plaintiff's complaint and termination, without more, was "not strongly suggestive of retaliation." *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 635 (7th Cir. 2011). Plaintiff's Complaint fails to plausibly allege any retaliation in this matter and her Response merely recites the same facts, without more. As such, Count II of Plaintiff's Complaint should be dismissed.

**III.** **This Court Is Not "Required" To Grant An Opportunity To Amend Where Plaintiff Has Failed To Properly Request Leave And Failed To State How An Amendment Would Cure Any Defects.**

Plaintiff now argues that the Court "requires" that a plaintiff whose Complaint has been dismissed under Rule 12(b)(6) be given the opportunity to amend. Dkt. 15 at p. 5. This is not the law. In *James Cape & Sons Co. v. PCC Constr. Co.*, the Seventh Circuit affirmed dismissal of the Complaint and denial of Plaintiff's leave to amend when Plaintiff's sole request for leave to amend came in the "penultimate paragraph of its response to defendants' motion to dismiss" and only said that it would describe the damages in greater detail. 453 F.3d 396, 401 (7th Cir. 2006). Here, in her penultimate paragraph of her response to ELPC's Motion to Dismiss, Plaintiff requests leave to "include additional facts and acts." Plaintiff has failed to state how any such amendment would cure the defects of the Complaint. *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("We have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing."). As such ELPC respectfully requests dismissal of Plaintiff's Complaint with prejudice.

**CONCLUSION**

Plaintiff has failed to adequately allege facts to support her claims under the ADA. Accordingly, for the reasons set forth above, Defendant Environmental Law & Policy Center respectfully requests that this Honorable Court enter an Order granting its Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P 12(b)(6), and for such further relief as the Court deems just and proper.

Dated: March 2, 2026

Respectfully submitted,

O'HAGAN MEYER, LLC

By: */s/ Jamie L. Filipovic*
*One of the Attorneys for Defendant*

Jamie L. Filipovic (ARDC: 6278943)
Megan E. Archibald (ARDC: 6343137)
O'Hagan Meyer LLC
One E. Wacker Drive, Suite 3400
Chicago, IL 60601
(312) 422-6100
jfilipovic@ohaganmeyer.com
marchibald@ohaganmeyer.com