**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SAMANTHA SUAREZ, | |
| Plaintiff, | No. 25 C 12860 |
| v. | Judge Thomas M. Durkin |
| ENVIRONMENTAL LAW & POLICY CENTER, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Samantha Suarez alleges that her former employer, the Environmental Law & Policy Center, discriminated against her based on her disability and retaliated against her when she sought an accommodation, in violation of the Americans with Disabilities Act. Defendant has moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). That motion is granted.

## Background

Suarez alleges that she requested a flexible schedule and permission to work remotely after she received a "formal diagnosis" in "the summer of 2023." R. 1 ¶ 14. Suarez alleges that her request was denied despite at least one other employee being permitted to work from another state.

Suarez also alleges that "a discriminatory statement was made" during her review in 2024, when her supervisor acknowledged that Suarez had done well leading Defendant's "digital growth," but that "the way I get there makes it hard to appreciate the result." R. 1 ¶ 22.

In October 2024, Suarez requested mediation through Defendant's human resources department. Suarez alleges that she was not granted any accommodations through this process.

In December 2024, Suarez alleges that "the stress of [her] work environment, her supervisor's hostility, and the fallout of her pregnancy contributed to a severe decline in her mental health including suicidal ideation." R. 1 ¶ 27. Her request for three hours of paid time off was denied by her supervisor until Suarez disclosed her suicidal ideation, at which point the supervisor granted the request. R. 1 ¶ 28. Suarez reported her ongoing conflict to human resources. R. 1 ¶ 29.

On February 5, 2025, "immediately after [Suarez] completed a successful digital campaign," Suarez was fired. R. 1 ¶ 31. The human resources employee who communicated the decision said that Suarez was "not a good fit." R. 1 ¶ 31.

## Analysis

### I. Discrimination & Failure to Accommodate

In order to satisfy the plausibility requirement of Rule 12(b)(6), a plaintiff claiming violation of the ADA "must allege a specific disability." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015); *see also Nichols v. Life Fitness*, 2021 WL 4785937, at *2 (N.D. Ill. Feb. 25, 2021) (a plaintiff "must include enough information [in the complaint] to give the defendant fair notice of the claim, which includes identifying a specific disability"). In addition to identifying a specific disability, a plaintiff must allege how the disability affected a "major life activity." 42 U.S.C.A. § 12102(1); *see also Beal v. Chicago Transit Auth.*, 2023 WL 6461413, at *2 (N.D. Ill.

2

Oct. 4, 2023) ("The employee must specifically connect how their alleged impairment substantially limits a major life activity.").

Suarez alleges that she received a "formal diagnosis" in the summer of 2023, but she does not reveal any facts about that diagnosis. Suarez then alleges that more than a year later, in December 2024 "the stress of [her] work environment, her supervisor's hostility, and the fallout of her pregnancy contributed to a severe decline in her mental health including suicidal ideation." R. 1 ¶ 27. Suarez alleges that it was her request for time off to address the decline in her mental health that eventually led to her being fired in February 2025.

Suarez argues that she has plausibly alleged that she is disabled because:

> [she] alleges that she was formally diagnosed in summer 2023, that she experienced significant mental-health impairment including suicidal ideation, burnout, and nausea, that these impairments affected her ability to work under rigid scheduling requirements, and that she requested accommodations to address those limitations. These allegations plausibly describe an impairment affecting major life activities such as working, concentrating, and thinking.

R. 15 at 3. There are two problems with this argument. First, Suarez does not allege any details about her diagnosis in 2023, let alone that it was related to the "mental-health impairment" or "fallout from her pregnancy" she suffered more than a year later in December 2024. Suarez is required to specifically allege her disability, rather than relying on a presumption by the Court and Defendant that the 2023 diagnosis and the 2024 mental-health impairment are related.

3

Moreover, Suarez fails to make any allegations about how her disability—whether in 2023 or 2024—affected a major life activity. Suarez does not make any allegations *at all* about her life activities in 2023. And the allegation she added in her brief that her 2024 mental health impairment affected her ability to work, concentrate and think is entirely conclusory. She offers no facts about any impairment of her ability to accomplish any of these activities. And she offers no details about what she describes as the "fallout from her pregnancy."

Additionally, Suarez does not plausibly allege any discriminatory conduct beyond her termination. Suarez alleges conversations with her supervisor and Defendant's human resources staff, and claims that these conversations were discriminatory. But there is nothing from the description of the conversations in the complaint that would indicate that they were discriminatory in any way. The alleged statement made by her supervisor—"the way I get there makes it hard to appreciate the result"—is entirely ambiguous and does not permit a reasonable inference of discrimination.

Therefore, Suarez's claim for discrimination and failure to accommodate must be dismissed because of failure to plausibly allege that she has a disability or any discriminatory conduct prior to her termination.

## II. Retaliation

Suarez argues that she was fired in February 2025 after she sought an accommodation for her disability in December 2024. The parties focus their arguments on whether Suarez's termination was close enough in time to her request

for accommodations to state a claim for retaliation. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014) ("[A] lengthy time period between the protected activity and the alleged retaliation will make any causal connection between the two implausible."). But for Suarez's accommodation request to constitute protected activity, her disability claim must be reasonable. *See Brooks v. City of Kankakee, Illinois*, 7 F.4th 649, 660 (7th Cir. 2021) (a plaintiff must allege that they "reasonably believe in good faith that they have suffered discrimination"); *Harp v. Charter Commc'ns, Inc.*, 558 F.3d 722, 723 (7th Cir. 2009) ("The Act requires that the employee reasonably believe in the unlawfulness of the employer's actions."). The Court has already found that Suarez has failed to plausibly allege that she has a disability. Without a disability, Suarez is not eligible for an accommodation. And without being eligible for an accommodation, her termination for seeking an accommodation cannot be unlawful retaliation. For this reason, Suarez's failure to plausibly allege that she has a disability is also a basis to dismiss her retaliation claim.

Moreover, Suarez has not plausibly alleged that she sought an accommodation in December 2024. Suarez alleges that in December 2024 she asked for three hours of paid time off. There is Seventh Circuit precedent indicating that seeking paid time off does not constitute an accommodation request for purposes of the ADA. *See Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 815 (7th Cir. 2015) ("Our previous conclusion that the record does not reveal a request for accommodation, therefore, effectively dooms Mr. Preddie's retaliation claim. His periodic requests for

his own health-related leave, which account for roughly one-third of his absences, without more, does not qualify as 'protected activity' under the ADA."). This is an additional potential defect with Suarez's current allegations that should be remedied in any amended complaint.

## Conclusion

Therefore, Defendant's motion to dismiss [11] is granted without prejudice. Suarez has leave to file an amended complaint by May 28, 2026. If Suarez does not file an amended complaint by May 28, 2026, her case will be dismissed with prejudice.

ENTERED:

_Thomas M. Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: April 27, 2026